**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY CHARLES DRYDEN                           Case No. 1:14-cv-496

                Plaintiff,                            Barrett, J.
                                               Bowman, M.J.
    v.


COMMISSIONER OF SOCIAL SECURITY,

                Defendant.


### REPORT AND RECOMMENDATION

Through counsel, an unsuccessful social security claimant initiated this appeal in order to challenge the Defendant's finding that he was not disabled. *See* 42 U.S.C. §405(g). The Commissioner has filed a motion to dismiss, asserting that this Court has no subject matter jurisdiction to review Plaintiff's claim, because Plaintiff failed to exhaust his administrative remedies by seeking a timely appeal before the Appeals Council. Plaintiff has filed a response, to which the Commissioner has filed no reply. For the reasons discussed below, the Defendant's motion to dismiss should be granted.

### I. Summary of Administrative Record

In January 2011, Plaintiff filed applications for both a period of disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI"), alleging that he became disabled on February 8, 2008. Plaintiff's claims were denied initially and upon reconsideration, and Plaintiff timely requested an evidentiary hearing. On August 7, 2012, a hearing was conducted via video-conference by an administrative law judge in Chicago, Illinois, with Plaintiff appearing in Portsmouth, Ohio. Plaintiff was represented at that hearing by his sister, Susan A. Puckett, a non-attorney

administrative representative (AR).  On November 29, 2012, ALJ John Pope issued a partially favorable written decision.  ALJ Pope's decision noted the existence of previously filed applications for both DIB and SSI alleging disability for an overlapping period.  Plaintiff's prior applications had been denied on March 25, 2010 by another ALJ, Sridhar Boini.  Plaintiff timely appealed ALJ Boini's decision to the Appeals Council, which denied review on May 16, 2011.  There is no record that Plaintiff sought further review of ALJ Boini's decision in this Court.

Noting that he was bound by principles of *res judicata* for the overlapping period, ALJ Pope "refuse[d] to consider the issue of disability through March 25, 2010, the date of the most recent denial determination."  (Doc. 10-1 at 9).  ALJ Pope further held that *Drummond v. Com'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1987) required him to use the same RFC findings previously determined by ALJ Boini.  Under those RFC findings, Plaintiff was able to perform a limited range of sedentary work, and was not disabled during the time in which he remained a "younger individual age 45-49."  (*Id.* at 14).  However, because Plaintiff attained the age of 50 on November 6, 2011, Medical-Vocational Rule 201.14 created a presumption of disability as of that date, thereby entitling Plaintiff to SSI benefits.  Unfortunately for Plaintiff, he was last insured for purposes of DIB on March 31, 2011, when he was still 49 years of age.  Therefore, although ALJ Pope's decision was favorable to the extent that Plaintiff was awarded SSI based on the application of Grid Rules that presumed him to be disabled beginning on his 50th birthday, ALJ Pope denied Plaintiff's request for DIB, and for any SSI benefits prior to his 50th birthday on November 6, 2011.

Now represented by counsel, Plaintiff seeks to appeal that partially favorable decision, presumably in order to seek a greater award of benefits beginning on or about

March 25, 2010, the date of the prior ALJ's denial.  However, the Commissioner has moved to dismiss Plaintiff's appeal for lack of jurisdiction, because Plaintiff failed to timely appeal ALJ Pope's decision to the Appeals Council.  Ordinarily, in order for this Court to have jurisdiction under 42 U.S.C. §405(g), a plaintiff must fully exhaust his administrative remedies, including filing a timely appeal to the Appeals Council.

Plaintiff does not dispute that he and his sister, Ms. Puckett, received a copy of the written "Notice of Decision – Partially Favorable" within five days of its issuance on November 29, 2012.  The Notice sent to Plaintiff and to Ms. Puckett clearly sets forth how to file an appeal before the Appeals Council, and that a request for review by the Appeals Council must be filed within 60 days of the date of the November 29, 2012 Notice of Decision. Plaintiff's awareness of the appeals process is also presumed in light of his prior compliance with that same process when he timely requested review of ALJ Boini's 2010 decision.

By contrast, despite timely receipt of the Notice of ALJ Pope's November 29, 2012 decision, Plaintiff did not request review of that decision by the Appeals Council until March 15, 2013, well beyond the 60 day time limit for requesting such review.  On April 16, 2014, the Appeals Council denied Plaintiff's request for further review as untimely, finding no good cause to excuse the requirement that an appeal be filed within 60 days.   Plaintiff filed his complaint in this Court on June 17, 2014.  (Doc. 3).

**II. Analysis**

The Social Security Act, at 42 U.S.C.§405(g), permits judicial review in this Court only of a "final decision of the Commissioner of Social Security made after a hearing." Relevant regulations provide that a social security claimant must complete all steps of the administrative review process in order to obtain a judicially reviewable "final

decision." 20 C.F.R. §404.900(a). The final step of that administrative review process is a request for review by the Appeals Council. 20 C.F.R. §404.967. Ordinarily, a request for review by the Appeals Council must be made within 60 days, but upon a showing of good cause, the Commissioner can extend the time for seeking review. See 20 C.F.R. §§404.909(b), 404.911, 404.933(c), 404.968(b), 404.982. As stated, in this case the Appeals Council dismissed Plaintiff's attempt to appeal ALJ Pope's decision because his request for review was untimely. The Appeals Council specifically considered Plaintiff's stated reasons to extend the time for review, but found that "good cause is not established." (Doc. 10-1 at 19).

It is undisputed that Plaintiff failed to request review by the Appeals Council within the requisite 60-day period. Because Plaintiff failed to comply with the procedural requirements for complete exhaustion of his administrative remedies, by failing to timely file a request for review before the Appeals Council, he is foreclosed from review in this Court. Absent review on the merits of the ALJ's decision by the Appeals Council, there is no "final decision" for this Court to review. *See generally, Heckler v. Ringer*, 466 U.S. 602, 618-619 (19984)I(dismissal for failure to exhaust); *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991)("Thus, for purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision.").

In response to the motion to dismiss, Plaintiff first suggests that jurisdiction is proper because he filed his complaint in this Court within sixty (60) days of the dismissal of his untimely appeal by the Appeals Council. However, the dismissal of an untimely administrative appeal on procedural grounds is not a "final decision" on the merits of a claim by the Commissioner and therefore is not reviewable. *See Hilmes v. Sec'y of Health & Human Servs.,* 983 F.2d 67, 70 (6th Cir. 1993)*(citing Harper v. Bowen,* 813

F.2d 737 (5th Cir.) (denial of an extension of time to seek Appeals Council review of an ALJ decision was not reviewable), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987); *Bacon v. Sullivan,* 969 F.2d 1517 (3d Cir.1992) (Appeals Council's dismissal of untimely appeal from ALJ decision is not reviewable)); *accord Young v. Com'r of Soc. Sec.,* 1996 WL 343527, at *1 (6th Cir., June 20, 1996)(dismissal of appeal as untimely was not a final decision as defined by statute).

Plaintiff argues vigorously that this Court should find that the Appeals Council improperly failed to extend the sixty-day time period in his case. Contrary to the decision of the Appeals Council, he contends that he has established good cause for missing the deadline for further administrative review. Plaintiff cites three reasons to establish "good cause" for his untimely appeal, including: (1) the reasons cited by Plaintiff in his March 15, 2013 letter to the Appeals Council; (2) the alleged "misleading" statements of a Portsmouth, Ohio District Office employee; and (3) his alleged "mental limitations which prevent[ed] him from realizing that a timely request for an appeal needed to be filed." (Doc. 11 at 2).

None of the reasons cited by Plaintiff provide this Court with jurisdiction, because a dismissal of an untimely appeal is not a "final decision" subject to review under §405(g). However, even if this Court had jurisdiction to review the dismissal of Plaintiff's untimely appeal, under general principles of administrative law, only the information actually presented to the Appeals Council in support of "good cause" for extension (Plaintiff's March 15 letter) would be considered.

Here, Plaintiff's letter clearly acknowledged that his appeal was untimely, but claimed that an agency employee telephonically communicated the "wrong information" by telling his sister that he had been approved for "social security disability," in an

estimated amount of "around $1175" that would begin November 1, 2012, but which would require 30-60 days to process and/or definitively calculate. His letter further claimed that he and his sister placed several phone calls in February inquiring about his award. Eventually, he was informed that he "did not get SS disability," although the original employee, "Mrs. Long" told him that she had contemporaneous documentation stating that she had previously informed him or his sister that "I only got disability." (Doc. 10-1 at 16).

The ALJ's written decision - which Plaintiff received - was very clear, and explained that Plaintiff was being awarded SSI benefits as of his 50th birthday due to a presumed disability under Grid Rules. The ALJ's decision just as clearly explained that Plaintiff was not presumptively disabled at any earlier date, up through and including the date last insured for purposes of DIB, when he was still 49 years of age, because the Grid Rule did not apply and sufficient numbers of jobs consistent with Plaintiff's RFC existed in the economy that Plaintiff was able to perform. Plaintiff was well aware of the appeals process, which was also clearly spelled out in the decision, and had previously complied with the same appeals process in seeking review of a prior ALJ's decision. While Plaintiff's letter suggests some misunderstanding on his part or on the part of his sister, it does not reflect any clear misrepresentation by the agency.

Plaintiff attempts to present new argument in this Court that the undersigned excuse his failure to fully exhaust, because he received "special education" and has "problems with alcohol dependence and depression" which "may have limited his ability" to file a timely appeal and/or caused him to misinterpret the decision. (Doc. 11 at 3). Again, the undersigned would find no jurisdiction to review Plaintiff's newly presented arguments to excuse his tardy appeal. In any event, Plaintiff has never claimed

cognitive limitations; his disability claim was based upon physical impairments relating to his back and knees. The exhibit on which Plaintiff's counsel now relies to assert that Plaintiff received "special education" in school is a single page apparently taken from a psychological report.  In that report, Plaintiff confirmed that he is a high school graduate, that he was never held back, and only "alluded to special education services in school stating he had a tutor."  (Doc. 11-2).

Plaintiff cites SSR 91-5p, but that policy requires that a claimant who is claiming that mental incapacity prevented him from timely requesting review by the Appeals Council must present "<u>evidence that mental incapacity prevented him …from timely requesting review</u>…and the claimant had no one legally responsible for prosecuting the claim….at the time."    (Doc. 11-1 at 3, emphasis added).   Plaintiff presented no evidence of mental incapacity to the Appeals Council, and was represented by Ms. Puckett.  Plaintiff also cites "alcohol dependence and depression" as grounds for failing to timely file his request.  However, neither condition even rose to the level of a severe impairment. (Doc. 10-1 at 12).  In fact, in Plaintiff's March 15, 2013 letter to the Appeals Council, Plaintiff specifically alleged that he does not drink and has never had an issue except for a temporary problem "when my father passed away."  (Doc. 10-1 at 17).

Plaintiff's counsel argues that Mrs. Long erroneously reported that Plaintiff had been awarded "Disability Insurance Benefits" or DIB.  However, the evidence recently filed to support that statement does not fully support that allegation.  Ms. Puckett herself has not filed an affidavit, but two other witnesses, Ms. Christina King and Ms. Cheryl Ruble, have filed affidavits dated July 11, 2014 stating their allegedly clear recollection of the telephone conversation they each overheard at either 1:00 or 1:15 p.m. on

December 6, 2012.[1]  According to their affidavits, Long called Puckett "and told her that

the Judge had made a favorable decision on her brother's (Tommy Dryden) Social

Security claim…. Susan [Puckett] asked when it would start and was told November

2011.  She asked if there would be back pay and she told her no.  She then asked how

much he would be getting per month.   She told her around $1,175.00 per month."

According to King, Long then stated that the "paperwork was not done [regarding the

calculation of the amount] and that if [Puckett] and her brother did not hear anything in

the next 60 days to call back and check on claim." (*Id.*).  The affidavit of Cheryl Ruble is

nearly identical, stating that Long called Puckett and "told Susan that her brother was

awarded his social security" and "that the amount he would get should be around

$1,175.00 per month, with "no back pay and the claim had not been completed at this

time and if she did not hear something in the next 60 days to call back." (*See* Doc. 11-2

at 4, Affidavit of Cheryl Ruble).  Notably, to the extent that any reviewing court would

find jurisdiction and/or any cause to consider the affidavits, they appear to be consistent

with ALJ Pope's partially favorable decision awarding SSI benefits based upon a

presumption of disability at age 50, and not an award of DIB.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1.  Defendant's motion to dismiss based upon this Court's lack of jurisdiction

(Doc. 10) should be GRANTED;

---

[1]The affidavits make no mention of the call taking place on a speakerphone, leading this Court to question
how the affiants can testify to what Mrs. Long said.  Given that jurisdiction is so clearly lacking, however,
the issue is of little import.

2. As no further matters remain pending for the Court's review, this case should be CLOSED.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TOMMY CHARLES DRYDEN                          Case No. 1:14-cv-496

                    Plaintiff,                Barrett, J.
                                              Bowman, M.J.
        v.


COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

10